**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-60441
Summary Calendar

TRENCOR, INC.,

Petitioner-Cross-Respondent,

VERSUS

NATIONAL LABOR RELATIONS BOARD,

Respondent-Cross-Petitioner.

Appeal from the United States District Court
for the Northern District of Texas

(16-CA-17725)

April 28, 1999

Before WISDOM, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

On August 3, 1995, the employees of Trencor, Inc., voted to certify the United Steelworkers of America as their union and bargaining agent. This election was upheld by the National Labor Relations Board. Trencor appealed to this Court. This Court remanded the matter for an evidentiary hearing on Trencor's allegation that the union had promised to throw "the biggest party in the history of Texas" if the employees voted to unionize.[2] After the evidentiary hearing was held, the Administrative Law Judge overruled Trencor's objections to the election and the events surrounding it. The Board then affirmed the decision of the Administrative Law Judge, and ordered Trencor to accept the union as the collective bargaining agent of the employees. Trencor now appeals.

Trencor asserts that the union made a pre-election promise to the employees that, if the

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except in the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

[2] Trencor, Inc. v. NLRB, 110 F.3d 268 (5th Cir. 1997).

employees voted to unionize, the union would throw the biggest party in the history of Texas. Trencor contends that this promise of a party constitutes an illegal inducement to vote in favor of unionization. The ALJ determined that no such pre-election promise had been made.

If there is substantial evidence in the record as a whole that supports the Board's findings, this Court is bound to accept them.[3] In this case there is substantial evidence to support the Board's findings. The ALJ credited the testimony of Bill Fears, who is alleged to have made the pre-election promise, that he never made such a statement. Rather, the ALJ determined that Fears invited other employees to join him to drink beer after the election, either to celebrate together or to cry together. The ALJ also credited the testimony of Larry Whitaker, a former Trencor employee who gave hearsay testimony that there would be a party to celebrate the union's victory. The ALJ, however, did not credit Whitaker's testimony that this discussion of a party was held before the election. The ALJ's final conclusion was that such a conversation occurred, but only after the union had won its victory.

Trencor contends that this testimony cannot be considered substantial evidence to support the Board's decision, in that this credibility determination is "inherently unreasonable and self-contradictory."[4] We disagree. There is nothing inherently contradictory in a finder-of-fact determining that a witness accurately recalls an event, but is mistaken as to exactly when that event took place.[5] As the ALJ's credibility determination is neither unreasonable nor self-contradictory, this determination is conclusive. Based on the testimony credited by the ALJ, there is substantial evidence to support the Board's decision.

AFFIRMED.

---

[3] NLRB v. Laredo Packing Co., 730 F.2d 405, 408 (5th Cir. 1984).

[4] Id.

[5] See Rockwell International Corp. v. NLRB, 814 F.2d 1530, 1532 n.2 (11th Cir. 1987); "the ALJ, however, is free to believe some testimony, without believing the witness' whole story."